<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL KLEIN and STEPHANIE KLEIN on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUDGET RENT A CAR SYSTEM, INC. and AVIS BUDGET CAR RENTAL, LLC,<br><br>Defendants. | Civil Action No. 12-7300 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendants Budget Rent a Car System, Inc. ("Budget") and Avis Budget Car Rental, LLC ("ABCR")'s motions to dismiss with prejudice the putative Class-Action Complaint (the "Complaint") filed by the putative class representatives, Daniel Klein and Stephanie Klein ("Plaintiffs"). The Court has considered the submissions made in support of, and in opposition to, Defendants' motion, and decides this matter without oral arguments pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Defendants' motion to dismiss all claims against Budget is DENIED and Defendants' motion to dismiss all claims against ABCR is granted without prejudice.

**I.   BACKGROUND**[1]

    A.   <u>General Facts</u>

---

[1] The following facts are accepted as true for purposes of the instant motion.

Plaintiffs bring this action on behalf of themselves and a putative class of Budget customers who were charged a $0.75 surcharge for earning frequent-flyer miles and other reward points through their participation in Budget's Frequent Traveler Program (the "Program"). (Compl. ¶¶ 24, 30, 54).

Budget is a provider of vehicle rentals with multiple locations throughout the United States and abroad, and controls www.Budget.com. (*Id.* ¶¶ 2, 7). ABCR is a holding company that owns Budget's corporate stock. (CM/ECF No. 12-1 at 10). Plaintiffs allege ABCR controls www.Budget.com from its headquarters. (Compl. ¶ 3).

Budget operates a Program, which allows participating customers to earn frequent-flyer miles and other reward points from airlines, hotels, and other companies that have a partnership with Budget. (*Id.* ¶ 24). Budget pays these companies for the frequent-flyer miles and reward points customers earn by participating in the Program, and also pays taxes on them. (*Id.* ¶ 27). Budget then charges customers participating in the Program $0.75 per rental day to receive the frequent-flyer miles or reward points. (*Id.* ¶ 30).

Plaintiffs maintain that Budget fails to "disclose to its customers—in an objectively visible and understandable way—that it will charge them for frequent-flyer miles or rewards-points earned with their vehicle rentals." (*Id.* ¶ 33). Instead, Budget allegedly "makes customers believe that it will provide them frequent-flyer miles or reward points at no additional charge while unnoticeably charging them for these miles or points." (*Id.* ¶ 34).

B.    Facts Specific to Plaintiffs' Transaction

On July 14, 2012, Plaintiff Daniel Klein made an online reservation for Plaintiff Stephanie Klein on Budget's website for a rental vehicle between July 15-19, 2012. (*Id.* ¶ 41). Plaintiff Stephanie Klein was to pick up, and return, her vehicle at Cleveland-Hopkins

2

International Airport. (*Id.*). During the reservation process, Budget's website prompted Plaintiff Daniel Klein to enter Plaintiff Stephanie Klein's United Mileage Plus number so that she could earn frequent-flyer miles for her rental. (*Id.* ¶ 42). He did so. (*Id.*). When Plaintiff Daniel Klein completed the reservation, Budget's confirmation screen described the total cost for the rental as follows:

| | Rate (USD) |
|---|---|
| Car | 340.00 |
| Options | 0.00 |
| Taxes & fees | 87.56 |
| TOTAL | $ 427.56 |

(Compl. ¶ 44; Ex. 1). Plaintiffs allege Budget's e-mail confirmation contained the same description. (Compl. ¶ 47).

As a member of Budget's *RapidRez with Fastbreak* program, Plaintiff Stephanie Klein bypassed the service counter and proceeded directly to her rental vehicle on the date of her rental at Cleveland-Hopkins International Airport. (*Id.* ¶ 49). Plaintiff Stephanie Klein was allegedly first advised of the $0.75 surcharge in a document confirming the terms of her rental (the "Rental Agreement") found inside her rental car. (*See id.* ¶ 50). The Rental Agreement included a list of the same itemized charges that appeared on both Budget's confirmation screen and e-mail confirmation and, in addition, a $0.75 daily surcharge described as an "FTP SUR" charge. (*Id.* ¶ 50). When Plaintiff Stephanie Klein returned the car, Budget issued her a receipt (the "Rental Receipt"). (*Id.* ¶ 52). The Rental Receipt, likewise, included a $0.75 daily surcharge described as an "FTP SUR" charge among an itemized list of charges. (*Id.* ¶ 52). A final receipt, the electronic receipt, described the $0.75 daily surcharge as an "FTP SR" charge. (Compl. ¶ 53, Ex. 3).

## II.  PROCEDURAL BACKGROUND

3

Plaintiffs commenced the instant litigation by filing a Complaint on behalf of themselves and a putative class of similarly situated individuals on November 27, 2012. The Complaint brings forth (1) a claim for violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. §§ 56:8-1 to -195.; (2) a claim for breach of contract; (3) a claim for breach of the implied covenant of good faith and fair dealing; (4) a claim for injunctive relief under New Jersey law; and (5) a claim for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

On January 28, 2013, Defendants filed a motion to dismiss all claims against them with prejudice for failure to state a claim upon which relief could be granted, and failure to adequately plead the fraud allegations in the NJCFA claim. (CM/ECF No. 12-1 at 2-3) On March 11, 2013, Plaintiffs filed a memorandum of law in opposition to Defendants' motion to dismiss the Complaint. (CM/ECF No. 17). Defendants responded on March 25, 2013 with a reply brief in further support of their motion to dismiss the complaint. (CM/ECF No. 18).

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) (citation omitted). "A pleading that offers 'labels and conclusions' or a 'formulaic

4

recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 193, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Young v. Speziale*, No. 07-3129, 2009 U.S. Dist. LEXIS 105236, *6-7 (D.N.J. Nov. 10, 2009) (quoting *Iqbal*, 556 U.S. at 679).

B.  Fed. R. Civ. P. 9(b)

Fraud-based claims, including NJCFA claims sounding in fraud, are subject to Fed. R. Civ. P. 9(b). *Dewey v. Volkswagen*, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) (citing *Parker v. Homedica Osteonics Corp.*, No. 07-2400, 2008 WL 141628, *2 (D.N.J. Jan. 14, 2008)). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A plaintiff "must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004)). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200 (citing *Lum*, 361 F.3d at 224).

5

IV.  DISCUSSION

Defendants seek dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice. (CM/ECF No. 12-1 at 1). Defendants also argue that Plaintiffs have failed to satisfy the standard required by Fed. R. Civ. P. 9(b) for their NJCFA claim. (*Id.* at 2-3). The Court will first address whether Plaintiffs have adequately pleaded their five claims against Budget. The Court will then address the adequacy of Plaintiffs' identical claims against ABCR.

A.  Plaintiffs' Claims Against Budget

1.  New Jersey Consumer Fraud Act Claim

The NJCFA "imposes liability on any person who uses: 'any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission.'" *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merk & Co., Inc.*, 192 N.J. 372, 389, 929 A.2d 1076 (N.J. 2007) (quoting N.J.S.A. § 56:8-2). Courts should construe the NJCFA "liberally in favor of consumers." *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 15, 647 A.2d 454 (1994) (citations omitted).

To establish a prima facie case under the NJCFA, a plaintiff must show: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merk & Co., Inc.*, 192 N.J. at 389 (citation omitted). Unlawful conduct may arise from (1) an affirmative act, (2) a knowing omission, or (3) a violation of an administrative regulation. *Cox*, 138 N.J. at 17. The Defendants allege that Plaintiffs have failed to show the first prong, *i.e.*, "the occurrence of an unlawful conduct."

6

Plaintiffs allege that Budget engaged in the following unlawful conduct: (1) affirmative misrepresentations; (2) intentional omissions; and (3) unconscionable commercial practices. (Compl. ¶¶ 65-67). Budget counters that its proper disclosure of the frequent-flyer miles and reward points surcharge on its website forecloses Plaintiffs from pleading unlawful conduct. (CM/ECF No. 12-1 at 15-16). As a result, Budget argues that Plaintiffs' NJCFA claim must be dismissed with prejudice. (*Id.*).

To the extent that Budget argues that its purported disclosure precludes Plaintiffs from alleging that Budget engaged in unlawful conduct, that argument fails. Whether Budget's purported disclosure gave Plaintiffs fair notice is a question of fact and, thus, is not properly resolved on a motion to dismiss. *See Slack v. Suburban Propane Partner, L.P.*, No-102548, 2010 WL 5392845, *7 (D.N.J. Dec. 22, 2010) (Linares, J.) ("Whether a practice itself is unfair for purposes of the New Jersey Consumer Fraud Act is a classic jury question." (quotation marks and citations omitted)). Having determined that Budget's purported disclosure does not preclude Plaintiffs from alleging that Budget engaged in unlawful conduct, the Court will now consider whether Plaintiffs have adequately pleaded the alleged unlawful conduct.

    a.    <u>Affirmative Misrepresentations[2]</u>

Plaintiffs allege that Budget made the following material affirmative misrepresentations: (1) referring to the frequent-flyer miles and reward points as "perks"; (2) misrepresenting the "total" price of the rental on the confirmation screen and e-mail confirmation; (3) furtively listing the surcharge on the Rental Agreement, Rental Receipt, and e-mail receipt; and (4) designing the Budget website "in such a manner as to bury . . . reference to Budget's frequent-flyer miles or rewards-points surcharge . . . ." (*See* Compl. ¶ 65). Budget maintains that none of Plaintiffs'

---

[2] The Court considered the analysis of plaintiff's affirmative misrepresentation claim under the NCJFA in *Harnish v. Widener University School of Law*, No. 12-608 (D.N.J. Mar. 20, 2013), notwithstanding Defendants' request not to do so, and found such analysis unavailing to Plaintiffs.

7

allegations assert "anything more than an alleged *failure to speak* on behalf of Budget" and that, "at most, they are alleged non-actionable omissions." (CM/ECF No. 12-1 at 22-23 (citation omitted)).

For purposes of the NJCFA, "an affirmative misrepresentation is 'one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase.'" *Mango v. Pierce-Coombs*, 370 N.J. Super. 239, 250, 851 A.2d 62 (App. Div. 2004) (quoting *Ji v. Palmer*, 333 N.J. Super. 451, 462, 755 A.2d 1221,1228 (App. Div. 2000)(citation omitted)). An affirmative act includes unconscionable commercial practices, deception, fraud, false pretense, false promise, and misrepresentation. *Miller v. Am. Family Publishers*, 284 N.J. Super. 67, 75, 663 A.2d 643 (N.J. Super. Ct. Ch. Div. 1995). For affirmative acts, intent is not a requisite element. *Id.*

Plaintiffs' allegations do not pertain to false statements of fact and, thus, cannot be affirmative misrepresentations for purposes of the NJCFA. See *Mango*, 370 N.J. at 250. Instead, Plaintiffs' alleged affirmative misrepresentations pertain to alleged omissions as they rely strongly on the proposition that "Budget's omissions of accurate information about material facts . . . rendered Budget's statements concerning its rental-reservation process affirmative misrepresentation." (Compl. ¶ 65(h)). Even Plaintiffs' contention that Budget affirmatively misrepresented the "total" price of the rental is premised on said proposition. (¶ 65(d) (Plaintiffs confusingly contend Budget affirmatively represented that the "total" price was subject to "other fees and surcharges," however, "Budget made no similar reference that its frequent-flyer miles or rewards-points surcharge would also affect plaintiffs' . . . rental prices.") The Court, therefore, concludes that Plaintiffs' alleged affirmative misrepresentations are not actionable under the

8

NJCFA. *See Schwartz v. Avis Rent a Car System, LLC*, No. 12-4052 (D.N.J. Sept. 18, 2012) (Linares, J.).

### b. Intentional Omissions

Having concluded that the alleged affirmative misrepresentations, alone, do not provide an adequate basis for Plaintiffs' NJCFA claim, the Court now addresses the issue of whether Plaintiffs have adequately pleaded Budget's intentional omissions with the particularity demanded by Fed. R. Civ. P. 9(b). Plaintiffs contend that Budget failed to properly disclose its intention to charge Plaintiffs and other customers for frequent-flyer miles or reward points when they executed their rental agreements. (Compl. ¶¶ 66(a)-(b)). Insomuch as Budget was aware that it was in fact going to assess a surcharge, Plaintiffs maintain that Budget's failure to properly disclose creates "the plausible inference that Budget made these omissions knowingly and intentionally for the purpose of generating additional and illegal revenues from plaintiffs . . . ." (*Id.* ¶ 66(e)). Budget alleges, conversely, that its disclosure was proper because it was a mouse click away via a link immediately beneath the frequent-flyer information fields that Plaintiff Daniel Klein completed during the online reservation process. (CM/ECF No. 12-1 at 20-21).

To prove an intentional omission, "intent is an essential element. There must be proof that the defendant acted knowingly, with intent that another rely on such concealment . . . or omission." *Miller*, 284 N.J. Super. at 75 (citation omitted). The Court finds its prior opinions in *Mendez v. Avis Budget Group, Inc.*, No. 11-6537, 2012 U.S. Dist. LEXIS 50775 (D.N.J. Apr. 10, 2012) (Linares, J.), and *Schwartz* instructive. This Court held in *Mendez* that defendants' failure to clearly and comprehensively disclose a per diem administrative fee, despite their knowledge of such fee, may demonstrate that defendants acted knowingly, with intent to conceal or omit a

material fact by hiding it in a separate section of the agreement. *Mendez*, 2012 U.S. Dist. LEXIS 50775, at *42. In *Schwartz*, a case involving almost identical facts as this matter, this Court relied on *Mendez* to hold that plaintiff's complaint supported the plausible inference that defendant intentionally concealed information about a $0.75 per rental day surcharge for frequent-flyer miles and reward points. *Schwartz* at 10. In the instant matter this Court also relies on *Mendez* and concludes that Plaintiffs have made a sufficient factual showing to support the plausible inference that Budget intentionally failed to disclose the surcharge.

          c.      Unconscionable Conduct

Plaintiffs' allegation of unconscionable conduct is premised on Budget's alleged "bait-and-switch" scheme whereby Budget advertised free frequent-flyer miles and reward points, and then added "secret, hidden, and/or improperly disclosed" surcharges to vehicle rentals. (Compl. ¶ 67(a)-(c)). To state a claim under the NJCFA for a "bait-and-switch" scheme a plaintiff must allege "[t]he advertisement of merchandise as part of a plan or scheme . . . not to sell the same at the advertised price . . . ." N.J.S.A. 56:8-2.2; *See Petinga v. Sears, Roebuck & Co.*, No. 05-5166, 2009 WL 1622807, *5 (D.N.J. June 9, 2009).

The Complaint alleges Budget "advertised" frequent-flyer miles and reward points at no additional charge to Plaintiffs, the "bait," and then subsequently charged them, the "switch". (*See* Compl. ¶¶ 67(b)-(f)). In light of these allegations, the Court holds that Plaintiffs have adequately pleaded a "bait-and-switch" scheme. *See Doherty v. Hertz Corp.*, No. 10-359, 2010 U.S. Dist. LEXIS 124714 (D.N.J. Nov. 24, 2010) ("[I]f defendants charged [plaintiff] for undisclosed fees and up-charge[s] . . . then defendants may have committed consumer fraud.").

        2.      Breach of Contract Claim

10

To establish a breach of contract in New Jersey, a plaintiff must show that: (1) the parties entered into a valid contract, (2) the defendant did not perform his or her obligations under the contract, and (3) the plaintiff suffered damages as a result. *See Murphy v. Implicito*, 392 N.J. Super. 245, 265, 920 A.2d 678 (App. Div. 2007). Here, the dispute centers on whether Budget failed to perform its obligations under the contract, resulting in damages.

Plaintiffs contend that "Budget breached its contract with plaintiffs by . . . charging plaintiffs for frequent-flyer miles that Budget offered . . . at no additional charge (i.e., 'perks') as a term of Budget's rental contract." (Compl. ¶ 84). Budget in turn maintains that it fully complied with the terms of its contract with the Plaintiffs. (CM/ECF No. 12-1 at 25). Such terms, according to Budget, included the frequent-flyer miles and reward points surcharge disclosed on Budget's website via a "pop-up" window. (*Id.* at 25-27).

The Court is mindful that the interpretation of a contract's terms is ordinarily a legal question for courts to decide. *See Anthony L. Petters Diner, Inc. v. Stellakis*, 202 N.J. Super. 11, 27, 493 A.2d 1261 (App. Div. 1985). However, ambiguous contractual provisions raise questions of fact that are not appropriately decided on a motion to dismiss. *See id.* at 27-28 (observing that the "meaning of . . . doubtful provisions [of a contract] is a question fact."); *cf. DiIorio v. Structural Stone & Brick Co., Inc.*, 368 N.J. Super. 134, 137 (App. Div. 2004) (noting that "fact questions preclude dismissal" of claims asserted under the NJCFA).

The Complaint raises a plausible inference that whether the contract in fact included the surcharge terms disclosed in the "pop-up" window is ambiguous. The existence of such alleged ambiguity raises an issue of fact and, consequently, the Court declines to dismiss Plaintiffs' breach of contract claim at this time.

    3.    <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

In New Jersey, every party to a contract is bound by an implied covenant of good faith and fair dealing in both the performance and enforcement of the contract. *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244-45, 773 A.2d 1121 (2001) (citation omitted). "[A] party's performance under a contract may breach that implied covenant even though that performance does not violate a pertinent express term." *Id.* at 244. The covenant requires that "neither party [to a contract] shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract . . . ." *Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 420, 690 A.2d 575 (1997) (quotations and quotation marks omitted). Additionally, proof of a party's "[b]ad motive or intention is essential" to find a breach of the covenant. *Amerada Hess*, 168 N.J. at 251.

Plaintiffs maintain that Budget breached the implied covenant of good faith and fair dealing by: (1) "failing to disclose Budget's surcharge"; (2) "misrepresenting that Budget would provide plaintiffs frequent-flyer miles at no additional charge"; and (3) "not providing terms in its contract that conspicuously disclosed this surcharge to plaintiffs." (Compl. ¶¶ 88-89). Budget counters that Plaintiffs did not state a viable claim for breach of the covenant because the website disclosed the surcharge, and Plaintiffs failed to provide supporting facts for their allegation that Budget acted in bad faith. (CM/ECF No. 12-1 at 28-29).

The Court declines to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing for the same reasons it has declined to dismiss the breach of contract and NJCFA claims.

    4.    <u>Injunctive and Declaratory Relief</u>

Budget alleges Plaintiffs' claims for injunctive and declaratory relief must be dismissed because Plaintiffs' Complaint fails to state a viable NJCFA claim. (CM/ECF No. 12-1 at 30). In

light of the Court's conclusion that Plaintiffs have adequately pleaded their breach of contract and NJCFA claims, the Court will not dismiss Plaintiffs' claims for injunctive and declaratory relief at this time. *See Mendez*, 2012 U.S. Dist. LEXIS 50775, at *45 ("[s]ince the Court finds that Plaintiff has sufficiently alleged the claims upon which the requests for injunctive relief and declaratory relief are premised, the Court declines to limit the Plaintiff's access to these remedies at this stage."); *Oshinsky v. N.Y. Football Giants, Inc.*, No. 09-1186, 2009 U.S. Dist. LEXIS 107608, at * 21 (D.N.J. Nov. 17, 2009) ("[i]n light of the Court's decision regarding the allegations of Defendants' breach of contract, the Court will not dismiss Plaintiff's injunctive relief and declaratory judgment counts at this time; and will impose a reasonable remedy (if any) as the facts deem fit.").

B.  <u>Plaintiffs' Claims Against ABCR</u>

Every claim Plaintiffs assert against Budget is also asserted against ABCR. The Complaint's sole reference regarding ABCR, however, is that "ABCR controls the Budget website." (*See* CM/ECF No. 17 at 28-29). The Complaint offers no factual support for this conclusion, and does not make any specific claims supported by factual contentions with respect to ABCR. (Compl. ¶ 3). Defendants maintain that "all claims against ABCR should be dismissed for failure to identify any misconduct specifically attributable to ABCR." (CM/ECF No. 12-1 at 10).

Plaintiffs' unsupported claim that "ABCR controls the Budget website" is, at best, a legal conclusion draped in the guise of a factual allegation. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1429. Fed. R. Civ. P. 12(b)(6) does not require the Court to credit such a conclusion. *See Id.* Consequently, the Court grants Defendants' motion to dismiss all claims against ABCR without prejudice.

## V.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Complaint is granted as to ABCR without prejudice, and denied in its entirety as to Budget. An appropriate order follows this Opinion.

DATED: 24 of April, 2013.

JOSE L. LINARES
U.S. DISTRICT JUDGE